*H. M. Hagellbarger,* Prosecuting Attorney, and *C. S. Cobbs,* for the state.

---

### ASSUMED RISK.

[Circuit Court of Geauga County.]

CLEVELAND & EASTERN RAILROAD CO. v. HOMER SOMERS.

Decided, 1902.

*Defective Appliances—In the Form of Hand Couplers—For Railway Cars—Assumed Risk by Brakeman—Who Had Knowledge that Automatic Couplers were not in Use—The Statutory Requirement as to Automatic Couplers—Not Applicable to Electric Railways or Railways in Process of Construction.*

1. A brakeman who has full knowledge before entering the service of the company that its cars are not equipped with automatic couplers assumes the risk of coupling by hand.

2. The statute providing that railway companies shall equip their cars, is not applicable to roads in process of construction or to electric railways.

3. It is not error to refuse to direct a verdict for defendant company in a suit by a brakeman who is injured in making a coupling, where the car was loaded with rails extending a foot over the end, necessitating the removal of the brake-staff.

BURROWS, J.; LAUBIE, J., and COOK, J., concur.

Heard on error.

Somers was injured while engaged as a brakeman in coupling cars, and recovered judgment for this injury.

The petition alleged that the company had failed to provide automatic couplers, as required by the statute; and that the plaintiff, without fault on his part, was injured by reason of the neglect of the company in this and other particulars mentioned in the petition.

It was an undisputed fact in the case that the plaintiff, Somers, had full notice and knowledge that none of the cars of the company were provided with automatic couplers.

1. The court charged the jury that it was the duty of the company to have provided such couplers; and further charged the jury that "if the plaintiff knew that there were no automatic couplers, then the burden would be upon the plaintiff to show, by a preponderance of the evidence, that he used and exercised ordinary care before he would be entitled to recover, provided the injury occurred solely by reason of the want of this automatic coupler." This was error. There was no circumstance taking the case out of the general rule that a servant assumes the risks incident to his employment, including defective appliances of which he has knowledge. If he was injured solely by reason of hand couplers being used instead of automatic couplers, he would not be entitled to recover, however careful he may have been.

We are also of the opinion that the court erred in holding that it was the duty of the company to provide automatic couplers, and this for the reason that the statute is not applicable to electric cars, and was not intended to apply to them, and for the further reason that the statute only applies to railroads or parts of railroads in operation, and not to railroads in process of construction, and the cars in use for that purpose.

2. The court erred in charging the jury that the plaintiff might recover if they found that he was without fault, and that he was injured by reason of the negligence of the company in any of the particulars mentioned in the petition. The petition charged that the defendant was negligent in not equipping its cars with automatic couplers; also in the use of cars defectively constructed; also improperly using an angle iron to block the loaded car, and also in providing coupling appliances that were defective and out of repair.

A verdict for plaintiff could not properly have been based upon any of these alleged grounds of negligence, for reasons already given, as to the want of automatic couplers, and, as to the other of said grounds, because there was no evidence tending to prove either that the company was guilty of negligence as to them or that his injury was caused thereby.

When the court came to charge the jury, none of these things were in the case, and the jury should have been told that the

only grounds of negligence upon which they could place their
verdict for plaintiff were the improper loading of the flat car
and the neglect to have the brake set on the loaded car.   Under
the instructions given the jury, they may have based their ver-
dict upon some of the other grounds of negligence that had on
the trial been eliminated from the case.

3.   The court also erred in refusing to charge the jury upon
the question of the assumption of the plaintiff of the risks in-
cident to the doing of his work in the way it was done.   Evi-
dence was given tending to show that the plaintiff knew that
the rails were thirty-two feet in length, and the floor of the car
only thirty feet, and that the rails loaded upon these cars pro-
jected beyond the floor at either end a foot, more or less; and
knew also that in loading the rails the brake-staff was often, if
not always removed, and a block placed under the wheel of the
car to keep it in place when necessary, on account of the grade.
On the occasion when plaintiff was injured the car was blocked
on account of the grade, the brake-staff was removed, and the
loaded rails extended about a foot beyond the floor of the car.
The defendant below requested the court to charge that the
plaintiff could not recover if he knew that the rails projected
and the brake was not set at the time he undertook to make the
coupling.   This request was not given, either in form or sub-
stance, but the jury was, however, instructed that he could not
recover if he was guilty of contributory negligence.   If the
plaintiff was familiar with the mode theretofore usually adopted
in doing this business, and knew that these rails projected be-
yond the floor of the car, and undertook to make the coupling
with that knowledge, he assumed the hazard of any injury he
might receive therefrom.   He had to look out for the projecting
rails, if he knew they were there, just as he had to look out for
the bumpers, or the car wheels, or any other danger necessarily
connected with that business.

The more serious question relates to the refusal of the court
to direct a verdict for the defendant.   The certain cause of the
injury was the extension of the rails beyond the floor of the car,
and the neglect of the plaintiff to keep his head below the rails
at the time he was coupling the cars.   If there had been no

projecting of the rails, or if the plaintiff had kept his head below the rails, there would have been no accident or injury. Whether the removal of and neglect to use the brake in any way helped to cause the accident is a matter of conjecture. The testimony is not very explicit and certain as to the knowledge of the plaintiff in respect to the projection of the rails or removal of the brake-staff; and while it seems to be highly probable that he did see or would have seen these projecting rails, if he gave such attention to the surroundings as a man of ordinary prudence would usually give under like circumstances, yet we think the case was one for the jury.